IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:21-CR-30188-DWD |
| ) | |
| KRISTIN P. PRINCE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Now before the Court is Defendant Kristin P. Prince's Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 of the United States Sentencing Commission Guidelines. (Doc. 49). Prince argues that Amendment 821 lowers his criminal history score and reduces his sentencing guideline range. The Government opposes the Motion. (Doc. 53). For the reasons set forth below, the motion is **DENIED**.

On August 29, 2022, Defendant Prince pled guilty to two counts of distribution of controlled substance: methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii). (Doc. 33). Prior to sentencing, a Presentence Investigation Report submitted by the Office of Probation found Prince to have a total criminal history score of 11, a criminal history category of V, and a resulting Guideline imprisonment range of 168 to 210 months. (Doc. 36). Pursuant to the applicable guidelines at that time, two of the points included in Prince's total criminal history score were given because Prince

committed the offense while on community supervision and probation in other cases. (Doc. 36, pg. 12).

On January 27, 2023, the undersigned sentenced Prince to a total term of imprisonment of 168 months. (Doc. 46). In the Court's Statement of Reasons to Judgment as to the Defendant, the Court provided that, "[i]n the event the guideline determination(s) made in this case are found to be incorrect, the court would impose a sentence identical to that imposed in this case." (Doc. 47, pg. 4).

Defendant Prince filed the instant motion on September 30, 2025. Therein, he argues that the two points added to his criminal history score for committing the instant offence while on community supervision and probation in other cases should be removed under Amendment 821. (Doc. 49, pgs. 1-3). Without the added points, Prince asserts that his criminal history score should be 9 and his criminal history category should be reduced from V to IV, resulting in an amended sentencing guideline of 151 to 188 months. (Doc. 49, pg. 1-2). However, Defendant Prince misinterprets the application of Amendment 821.

Under 18 U.S.C. § 3582(c)(2), a court may reduce the term of imprisonment where a defendant's sentence is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Amendment 821 of the United States Sentencing Commission Guidelines amended U.S.S.G. § 4A1.1 **to add one point instead of two** to the defendant's criminal history score when the defendant "committed the offense while under any criminal justice sentence." U.S.S.G. § 4A1.1(e).

Upon review of the record and the legal authorities, the Court **FINDS** Defendant Prince cannot benefit from § 3582(c)(2) and Amendment 821 (Part A). As noted by the

2

Government, Defendant's criminal history points would be reduced under those provisions from 11 to 10, but he would still be subject to the criminal history category of V. (Doc. 53, pg. 5). By extension, Defendant's guideline sentencing range would be unchanged. *See* U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if… [a]n amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.").

The Court recognizes and finds it worthy of note that Defendant has pointed to his "effort at rehabilitation and "record of rehabilitation" in support of h is Motion. The Court commends Defendant on his efforts and accomplishments so early in his term of imprisonment.

Nevertheless, Defendant's sentence of imprisonment was within the guideline sentencing range when it was issued and § 3582(c)(2) and Amendment 821 does not affect the calculation of that range. Therefore, Defendant is not entitled to a sentence reduction, so his Motion (Doc. 49) is **DENIED**.

**SO ORDERED.**

Dated: February 19, 2026

_____
DAVID W. DUGAN
United States District Judge